**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**FIDEL MAR POMPA DEPAZ, as Trustee for the Heirs and Next of Kin of Plaintiff, and EFRAIN POMPA DEPAZ, deceased,**

Plaintiffs,

v.

**CITY OF MINNEAPOLIS, and SGT. JOHN EDWARD PIELOW,**

Defendants.

Civil No. 01-2098 (PAM/JGL)

**ORDER**

APPEARANCES

Jordan S. Kushner, Esq., on behalf of Plaintiff.

Richard Scott Reeves, Esq., on behalf of Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on March 29, 2002 on Plaintiff's Motion to Compel Production of Evidence to Expert (Doc. No. 8). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. FACTS

This lawsuit arises out of the death of Efrain Pompa DePaz. Mr. Depaz, a Mexican citizen who was in this county illegally, was a passenger in a

FILED 4-1-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D

car which was involved in a police chase. The police chase ended in a multi-car crash. When the car came to a stop, a police officer approached the car and apparently said something to which Mr. DePaz failed to respond. At that point, the police officer's gun went off and killed Mr. DePaz. Defendants claim that the gun went off accidentally. Plaintiff, Mr. DePaz's brother and trustee for Mr. DePaz's heirs, then brought the instant wrongful death civil rights lawsuit.

On March 14, 2002 Plaintiff sent Defendants a letter requesting that Defendants produce the gun which killed Mr. DePaz for testing by Plaintiff's expert. Specifically, Plaintiff requested that Defendants send the gun to his expert in Michigan. Defendants objected to this request because the gun is no longer in their possession. Indeed, the gun is currently in the possession of the Hennepin County Sheriff's Department ("Sheriff's Department") which will not release the gun. The Sheriff's Department will, however, allow Plaintiff's expert to test the gun at their facility.

## II. DISCUSSION

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). A party may request information relevant to the claim or defense of any party that is reasonably calculated to lead to admissible evidence. See Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any

information within the "possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a). The party upon whom a request for the production of documents or things has been served has thirty days in which to respond. See Fed. R. Civ. P. 34(b). If a party fails to respond to a discovery request, the party seeking the discovery may bring a motion to compel after first certifying that the parties have conferred in good faith in an attempt to resolve the discovery dispute without the intervention of the courts. See Fed. R. Civ. P. 37(a)(2)(B).

**Plaintiff's Motion for Production of the Gun**

In Defendants' opposition papers, they raise two objections to Plaintiff's motion. First, Defendants argue that Plaintiff has failed to comply with the Federal Rules of Civil Procedure regarding timing and the duty to confer. Second, Defendants argue that the gun is no longer in the custody of the Minneapolis Police Department ("Police Department"), but rather is in the custody of the Sheriff's Department. Therefore, Defendants argue, they are unable to produce the gun. Plaintiff responds that while the gun may be in the "possession" of the Sheriff's Department, it is still in the "control" of the Police Department and the Police Department should be able to retrieve the gun.

**1. Procedural Arguments**

At the motion hearing, the parties concentrated on the "custody" issue and did not discuss the alleged procedural defects with Plaintiff's motion.

Therefore the Court will only briefly address those arguments. The Court agrees with Defendants that Plaintiff failed to follow not only the Federal Rules of Civil Procedure, but also our District of Minnesota Local Rules regarding discovery motions. See D. Minn. L. R. 37.2. If Plaintiff's March 14, 2002 letter is construed as a discovery request, Defendants still have weeks to respond without violating the discovery rules. See Fed. R. Civ. P. 34(b). Moreover, Plaintiff has not filed the requisite statement explaining his attempts to confer with Defendants on this matter. See Fed. R. Civ. P. 37(a)(2)(B). Lastly, our Local Rules are very precise regarding the form of discovery motions. See D. Minn. L. R. 37.1, 37.2. Plaintiff's motion does not comply with these rules. Plaintiff must comply with the rules the next time he files a discovery motion in this case.

**2. Substantive Arguments**

In this case, there is no question that the gun is relevant to Plaintiff's claims. See Fed. R. Civ. P. 26 (b)(1). There is also no question that Plaintiff may request to examine the gun. See Fed. R. Civ. P. 34(a). The only remaining issues are (1) whether Defendants must send the gun to Plaintiff's expert in Michigan, and (2) the scope of Plaintiff's examination of the gun.

**a. Whether Defendant Must Send the Gun to Plaintiff's Expert in Michigan**

Plaintiff's sole reason for requesting that the gun be sent to Michigan for examination is that it would be prohibitively expensive for his

expert, Mr. Balash, to conduct his examination in Minnesota. Plaintiff cites high air fares and Mr. Balash's high hourly rate. Plaintiff also argues that since Sgt. Pielow still owns the gun that killed Mr. DePaz, the gun is in Sgt. Pielow's "control" per Federal Rule of Civil Procedure 34(a), even though it is in the "custody" of the Sheriff's Department. Plaintiff asserts that Defendants are able to retrieve the gun from the Sheriff's Department. However, Plaintiff offers no support for this assertion.

The Court finds that Mr. Balash must conduct his examination at the Sheriff's Department. First, Defendants have submitted an affidavit stating that the Sheriff's Department will not release the gun. (Reeves Aff. ¶ 6-7.) Plaintiff offers no evidence to rebut this claim. Second, Plaintiff admitted at the motion hearing that the Rules are silent as to how parties are to conduct examinations of this type. Therefore, there is no requirement that Defendants send the gun to Mr. Balash. Third, the Rules state that a party requesting inspection must state a "reasonable time, place, and manner of making the inspection." Fed. R. Civ. P. 34(b). In this case, Plaintiff's request was not reasonable. Plaintiff made no arrangements or overtures regarding shipping, handling, expenses, insurance, or indemnity. (Def. Ex. A.)

Since the gun cannot be released, the only way Mr. Balash can examine it is to conduct the examination at the Sheriff's Department. The Court is not unsympathetic to Plaintiff's budget, but can see no other way for

this discovery to proceed. Notwithstanding this situation, the Court will reiterate its suggestion that if Plaintiff intends for Mr. Balash to testify at trial, perhaps it would be economical to videotape Mr. Balash's trial testimony at the same time as he does his examination of the gun. This would at least save Plaintiff the price of two airline tickets.

**b. The Scope of Plaintiff's Examination**

In their opposition papers, Defendants express concerns over the kind of examination Mr. Balash will conduct. Specifically, Defendants would like to know what tests Mr. Balash will perform and "whether those tests will dismantle the weapon, damage it, or alter it so as to preclude later testing. Defendants need this information to determine whether testing should be conducted jointly by an expert to be retained by Defendants." (Reeves Aff. ¶ 9d.) These are reasonable questions. Moreover, the Court finds that Plaintiff should have provided this information with his initial request for examination of the gun. Under the Rules, a party seeking inspection must specify the "manner of making the inspection and performing the related acts." Fed. R. Civ. P. 34(b). Plaintiff has not complied with this requirement.

Therefore, Plaintiff is ordered to provide Defendants with a list of the tests Mr. Balash intends to conduct and information about whether those tests will dismantle the weapon, damage it, or alter it so as to preclude later testing within ten days of this Order. Defendants will have fourteen days to

decide if they need their own expert at the examination. If Defendants decide to retain an expert, the examination shall not take place for thirty more days, so as to allow Defendants' expert time to prepare for the examination.

The Court realizes that this ruling conflicts with Plaintiff's desire to have his expert report by the April 22, 2002 settlement conference. However, our discovery rules are designed to level the playing field. It is reasonable for Defendants to be concerned about the inability to examine the gun once Mr. Balash conducts his examination. Defendants must be afforded the opportunity to have an expert present at the examination, if they feel it is necessary.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion to Compel Production of Evidence to Expert (Doc. No. 8) is **GRANTED IN PART and DENIED IN PART** as set forth fully in the body of this Order;

(2) Plaintiff must provide Defendants a list of tests his expert intends to conduct and information about whether those tests will dismantle the weapon, damage the weapon, or alter the weapon by April 11, 2002;

(3) Defendants must inform Plaintiff by April 25, 2002 whether they will be hiring their own expert to be present at the examination; and

(4) If Defendants plan to hire an expert to be present at the examination, the examination shall not take place until after May 25, 2002.

Dated: April 1, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge